UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-612-GCM
(3:01-cr-129-GCM-1)

| | |
|---|---|
| MARK MOORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), in which he raises a claim pursuant to United States v. Davis, 139 S.Ct. 2319 (2019).

**I. BACKGROUND**

Petitioner pled guilty in the underlying criminal case to: Count (1), conspiracy to possess with intent to distribute and distribution of cocaine and 50 grams or more of cocaine base which Petitioner committed subsequent to a felony drug offenses (21 U.S.C. §§ 846, 841, 851); and Count (6), using and carrying a firearm during and in relation to a drug trafficking crime, *i.e.*, conspiracy to possess with intent to distribute cocaine and cocaine base in Count (1), and in the course of this violation caused the death of the victim through the use of a firearm during the perpetration of a robbery (18 U.S.C. § 924(c)(1), 924(j)(1)). (3:01-cr-129, Doc. No. 2). Petitioner admitted his guilt to Counts (1) and (6) in exchange for the Government's dismissal of the remaining Counts. (Id., Doc. No. 27). Petitioner specifically waived his rights to pursue a direct appeal and post-conviction proceedings except for claims of ineffective assistance of counsel or prosecutorial misconduct. (Id., Doc. No. 27 at 4). The Court sentenced Petitioner to 360 months'

imprisonment for each Count, concurrent, followed by a total of 10 years of supervised release. (Id., Doc. No. 46).

Petitioner filed the instant § 2255 Motion to Vacate in this Court on October 21, 2019.[1] (Doc. No. 1). He argues that he is actually innocent of the § 924(c) conviction because the offense upon which that conviction rests does not categorically qualify as a crime of violence under § 924(c)'s force clause pursuant to United States v. Davis, 139 S.Ct. 2319 (2019). Petitioner appears to argue that his § 2255 Motion to Vacate is timely because it was filed within one year of Davis, which recognized a new, retroactive rule of constitutional law. He asks that Count (6) be vacated and that he be resentenced.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States,

---

[1] Petitioner attached to his § 2255 Motion to Vacate a Motion Under 28 U.S.C. § 2244 for Order Authorizing District Court to Consider Second or Successive Application for Relief Under 28 U.S.C. § 2254 or 2255. (Doc. No. 1-1). The Court has not forwarded the Application to the Fourth Circuit Court of Appeals because this is Petitioner's first § 2255 proceeding.

423 F.2d 526, 529 (4th Cir. 1970). The Court has also determined that it can resolve the instant § 2255 Motion to Vacate without requiring a Response from the Government.

### III.   DISCUSSION

Petitioner contends that offense upon which Count (6) was predicated fails to qualify categorically as a crime of violence under § 924(c)'s force clause, and therefore, must be vacated pursuant to United States v. Davis, 139 S.Ct. 2319 (2019).

Title 18, Section 924(c) of the United States Code addresses individuals who, "during and relation to any crime of violence or drug trafficking crime… for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm…." 18 U.S.C. § 924(c)(1)(A) (2001). A "drug trafficking crime" means "any felony punishable under the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or chapter 705 of title 46." 18 U.S.C. § 924(c)(2). A "crime of violence" is a felony that: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that *by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense*." 18 U.S.C. § 924 (emphasis added). Section 924(c)(3)(A) is known as the "force clause" or "elements clause" and the italicized language in 924(c)(3)(B) is known as the residual clause. The Fourth Circuit in United States v. Simms, 914 F.3d 229 (4th Cir. 2019), and the United States Supreme Court in Davis have concluded that § 924(c)'s residual clause is unconstitutionally vague.

Petitioner's reliance on Davis is unavailing because it is factually inapplicable to Petitioner's case. The offense underlying Petitioner's § 924(c)/924(j) violation was the drug trafficking crime charged in Count (1), and not a crime of violence. The offenses to which

3

Petitioner pled guilty in Count (1) are felony violations of the Controlled Substances Act and thus qualify as drug trafficking crimes for purposes of § 924(c). See, e.g., United States v. James, 834 F.2d 92, 92-93 (4th Cir. 1987) ("§ 924(c) by its terms unambiguously applies to a crime of possession with intent to distribute."). Petitioner's conviction in Count (6) is therefore valid and has not been undermined by Davis, and Petitioner's § 2255 Motion to Vacate will accordingly be denied.

### IV. CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's § 2255 Motion to Vacate.

**IT IS, THEREFORE, ORDERED that:**

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: November 18, 2019

Graham C. Mullen
United States District Judge